MAYOR AND ALDERMEN OF TAUNTON, petitioners.

Bristol.   January 25, 1904. — February 26, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Damages,* Grade Crossing.   *Taunton.*

By St. 1901, c. 205, the East Taunton Street Railway Company was authorized to intervene in proceedings then pending for the abolition of certain grade crossings in Taunton, and it was provided that if the commissioners appointed in those proceedings should decide that the abolition of the grade crossing on Middleborough Avenue and Richmond Street was necessary, the street railway company should pay such part of the total cost of the abolition of the crossing on Middleborough Avenue as the commissioners should find to be just and equitable, and should prescribe in their report. The commissioners determined that it was just and equitable that the street railway company should pay twenty-five per cent of this cost, and so prescribed in their report. By order of the commissioners Middleborough Avenue was carried by a bridge over the tracks of the

Old Colony Railroad Company, the part of Richmond Street at the previous grade crossing was discontinued, and a new way was substituted for it which entered Middleborough Avenue at a point convenient for crossing the railroad on the bridge constructed on that avenue. The street railway company contended that for this reason only one half the cost of· the bridge should be charged on account of Middleborough Avenue and that the other half should be charged on account of Richmond Street. *Held*, that the action of the commissioners was authorized directly by the statute, and that they had a right to treat all the cost of the bridge as belonging to Middleborough Avenue.

KNOWLTON, C. J.   Petitions were pending in the Superior Court for the abolition of a large number of grade crossings in the city of Taunton, and among them those on Middleborough Avenue and Richmond Street.   The East Taunton Street Railway had a location on Middleborough Avenue, and by the St. 1901, c. 205, it was authorized to intervene in the proceedings in court, and thereupon to construct and maintain for a time its railway across the track of the Old Colony Railroad Company at Chace's Crossing, at the same level therewith, subject to restrictions and regulations to be prescribed by the railroad commissioners.   It was also provided that the proceedings under the petitions relative to the crossings on Middleborough Avenue and Richmond Street should be had independently of the proceedings as to the others, and that if the commissioners should decide that the abolition of this crossing was necessary, the street railway company should pay such part of the total actual cost of the abolition of the grade crossing on Middleborough Avenue as they should find to be just and equitable, and should prescribe in their report.   The commissioners ordered the abolition of these crossings, and prescribed in detail how the change on Middleborough Avenue should be made.   They determined that it was just and equitable that the street railway company should pay twenty-five per cent of this cost, and so prescribed in their report.

The grade crossing on Richmond Street was abolished by discontinuing that part of the street which crossed the railroad, and constructing a new way as a substitute for the other, which came into Middleborough Avenue at a point convenient for crossing the railroad on the bridge constructed over the railroad on Middleborough Avenue.   The auditor appointed under the statute made his report, and the East Taunton Street Railway

Company filed exceptions thereto which were overruled by the Superior Court. The case is before us upon the appeal of the railway company from the decree overruling the exceptions and confirming the report. The exceptions are, in substance, to the auditor's including, as a part of the cost of the abolition of the grade crossings on Middleborough Avenue, the entire cost of the bridge and masonry for the overhead crossing, and of the grading for the approaches, the land damages, and other incidental expenses of effecting the change on that avenue. The contention of the railway company is that, inasmuch as no bridge was needed on Richmond Street because Richmond Street was changed so as to enter Middleborough Avenue at a point which brought the travel upon it across the railroad over the Middleborough Avenue bridge, only half of the cost of this bridge should be treated as chargeable on account of Middleborough Avenue, and that the other half should be charged on account of Richmond Street.

This subject is covered by the statute and the action of the commissioners. They were authorized to prescribe the manner of making the changes, and to apportion the cost. All the expenses included by the auditor were incurred in making the changes on Middleborough Avenue which the commissioners prescribed in detail. In apportioning the cost between the street railway company and the others, they treated all these changes as belonging to Middleborough Avenue, as they had a right to do, and they made their order as to the percentages to be paid on this basis. The auditor has followed exactly their order, made under the authority of the statute. The street railway company has no reason to complain because the expenses of the change on Richmond Street were small. This resulted from the fact that proper changes on Middleborough Avenue made it unnecessary to construct a bridge on Richmond Street.

*Decree affirmed.*

*F. A. Farnham,* for the Old Colony Railroad Company and the New York, New Haven, and Hartford Railroad Company.

*A. M. Alger,* for the East Taunton Street Railway Company.

No counsel appeared for the petitioners or for the Commonwealth.